IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ERIC SYLVESTER DORSEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-738 (LMB) |
| | ) | Crim. No. 1:99-cr-203-2 (LMB) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Before the Court is Eric Sylvester Dorsey's ("Dorsey" or "movant") motion filed under

28 U.S.C. § 2255, in which he seeks to have his conviction for violating 18 U.S.C. § 924(c)

vacated in light of recent Supreme Court precedent.  For the reasons stated below, Dorsey's

§ 2255 motion will be dismissed.

I.

On June 4, 1999, a federal grand jury in the Eastern District of Virginia returned a 12-count

indictment charging Dorsey and three codefendants with various offenses related to an alleged

robbery scheme.[1]  Specifically, Dorsey was charged with conspiracy to commit robbery in

violation of 18 U.S.C. § 371 (Count 1); robbery of a U.S. Post Office in violation of 18 U.S.C.

§ 2114(a) (Count 6); using a firearm during and in relation to a crime of violence in violation of

18 U.S.C. § 924(c) (Count 7); possession of a firearm by a convicted felon in violation of

18 U.S.C. § 922(g)(1) (Count 10); and possession of a sawed-off shotgun in violation of 26 U.S.C.

---

[1] The indictment alleged that the conspirators targeted banks, post offices, and jewelry stores for armed robbery, employing "a particular modus operandi . . . :  One member of the conspiracy would be armed with a firearm and would control the lobby while another member of the conspiracy would vault the counter and retrieve cash and valuables from drawers or safes."  See Indictment [Dkt. No. 14] 3-4.

§ 5861(c) (Count 11).  The indictment explicitly identified the post office robbery charged in

Count 6 as the predicate crime of violence on which the § 924(c) charge in Count 7 was based.

See Indictment [Dkt. No. 14] 15.[2]

On August 17, 1999, after a four-day jury trial, the jury convicted Dorsey of all five

counts.[3]  On November 19, 1999, the Court sentenced Dorsey to a total of 322 months'

incarceration, consisting of concurrent sentences of 60 months, 262 months, 180 months, and

120 months of imprisonment as to Counts 1, 6, 10, and 11, respectively, to be followed by a 60-

month consecutive sentence as to Count 7.  Dorsey was also sentenced to five total years of

supervised release and ordered to pay restitution and $500 in special assessments.  Dorsey

appealed his convictions and sentence, the Fourth Circuit affirmed, and the Supreme Court

denied certiorari.

On June 15, 2016, the Office of the Federal Public Defender was appointed to represent

Dorsey for purposes of filing a motion seeking relief based on Johnson v. United States

(Johnson II), 135 S. Ct. 2551 (2015), in which the Supreme Court held that the "residual clause"

of 18 U.S.C. § 924(e)(2)'s definition of "violent felony" is unconstitutionally vague, see id. at

2557-63.  Dorsey's § 2255 motion argues that his § 924(c) conviction (Count 7) should be

vacated because the predicate offense no longer qualifies as a crime of violence.  In October

2016, his § 2255 motion was stayed to await further guidance from the Supreme Court and the

_____

[2] The indictment was also attached to the government's opposition to Dorsey's § 2255 motion
[Dkt. No. 190-1].

[3] The evidence established that on January 20, 1999, Dorsey and coconspirators McDuffie and
Diggs entered the Buckingham Station Post Office in Arlington, Virginia.  Dorsey was the
gunman who announced the robbery as the defendants entered the post office, while McDuffie
jumped over the counter to steal cash and stamps.  During the robbery, an elderly postal
customer was shoved to the ground, and Dorsey pointed the gun at the head of one of the postal
employees.  Presentence Report ¶¶ 14-15.

Fourth Circuit. On June 24, 2019, the Supreme Court held that the residual clause of

§ 924(c)(3)'s definition of "crime of violence" is also unconstitutionally vague. See United

States v. Davis, 139 S. Ct. 2319, 2336 (2019).[4] In the wake of Davis, the stay was lifted, and the

parties were ordered to supplement their briefing on whether Dorsey is entitled to § 2255 relief

and, if so, what form such relief should take. The matter is now ripe for decision.[5]

II.

Section 924(c) prohibits the use, carrying, or brandishing of a firearm "during and in

relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). It further defines "crime of

violence" as any felony offense that (A) "has as an element the use, attempted use, or threatened

use of physical force against the person or property of another" or (B) "by its nature . . . involves

a substantial risk that physical force against the person or property of another may be used in the

course of committing the offense." Id. § 924(c)(3). Subsection (A) of the definition is known as

the "force" clause; subsection (B), the "residual" clause.

After Davis, there is no dispute that the residual clause is unconstitutionally vague and

cannot be used to support Dorsey's § 924(c) conviction. What remains is the question whether

---

[4] Between Johnson II and Davis, the Supreme Court decided Sessions v. Dimaya, holding that the residual clause of 18 U.S.C. § 16's definition of "crime of violence"—which is nearly identical to § 924(c)(3)'s residual clause—is unconstitutionally vague. 138 S. Ct. 1204, 1210 (2018).

[5] In August 2016, the government filed a motion to dismiss, arguing that Dorsey's § 2255 motion is time barred under 28 U.S.C. § 2255(f)(3) and reserving all other defenses and arguments. This Court has previously rejected identical timeliness arguments, see, e.g., Chapman v. United States, 326 F. Supp. 3d 228, 236-40 (E.D. Va. 2018), and finds no merit in the suggestion that Dorsey's motion was not timely made. Similarly, the government's May 2018 supplemental response argues that Dorsey procedurally defaulted his vagueness challenge by not raising the issue on direct appeal. For the reasons stated in Blackman v. United States, No. 1:12-cr-507, slip op. at 4-6 (E.D. Va. Aug. 6, 2019), and Royer v. United States, 324 F. Supp. 3d 719, 735-36 (E.D. Va. 2018), those arguments are unpersuasive. Accordingly, the Court finds that there are no procedural barriers preventing Dorsey's § 2255 motion from being assessed on the merits.

the predicate offense underlying Count 7—post office robbery in violation of § 2114(a)—

qualifies as a "crime of violence" under § 924(c)'s force clause.  If it so qualifies, Dorsey's

conviction remains valid, and his § 2255 motion must be dismissed.  If not, the conviction must

be vacated.

Well-established case law sets forth the methodology the Court must employ in

answering that question.  To determine whether a given offense qualifies as a crime of violence

under the force clause, courts "use an inquiry known as the 'categorical' approach," in which

they "look to whether the statutory elements of the offense necessarily require the use, attempted

use, or threatened use of physical force"[6] and "consider only the crime as defined, not the

particular facts in the case." United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019), petition

for cert. filed, No. 18-1338 (U.S. Apr. 24, 2019).  Although a court employing the categorical

approach may not consider the defendant's actual conduct, where "the criminal statute is

'divisible'—that is, [where] it lists 'multiple, alternative elements, and so effectively creates

several different . . . crimes'—the Court may look to 'a limited class of documents, such as

indictments and jury instructions, to determine which alternative' served as the predicate

offense." Larode v. United States, 356 F. Supp. 3d 561, 570 (E.D. Va. 2019) (second alteration

in original) (quoting Descamps v. United States, 570 U.S. 254, 257 (2013)); see also United

States v. Gomez, 690 F.3d 194, 198 (4th Cir. 2012) (instructing that the modified categorical

---

[6] "The term 'physical force' . . . long has been defined as 'violent force—that is, force capable of
causing physical pain or injury to another person." United States v. Dinkins, 928 F.3d 349, 354
(4th Cir. 2019) (emphasis in original) (quoting Johnson v. United States (Johnson I), 559 U.S.
133, 140 (2010)).  Recently, the Supreme Court clarified that "violent" force is force sufficient
"to overcome the victim's resistance." See id. (discussing Stokeling v. United States, 139 S. Ct.
544, 549 (2019)).

4

approach should be used "for the sole purpose of determining which part of the statute the

defendant violated").

III.

The post office robbery offense at issue in Dorsey's § 924(c) conviction is defined as

follows:

> A person who assaults any person having lawful charge, control, or custody of any
> mail matter or of any money or other property of the United States, with intent to
> rob, steal, or purloin such mail matter, money, or other property of the United
> States, or robs or attempts to rob any such person of mail matter, or of any money,
> or other property of the United States, shall, for the first offense, be imprisoned not
> more than ten years; and if in effecting or attempting to effect such robbery he
> wounds the person having custody of such mail, money, or other property of the
> United States, or puts his life in jeopardy by the use of a dangerous weapon, or for
> a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114(a).

The parties agree that § 2114(a) is divisible in at least one sense. "If statutory

alternatives in a criminal statute carry different punishments, then they must be elements of

different crimes." United States v. Enoch, 865 F.3d 575, 579 (7th Cir. 2017) (citing Mathis v.

United States, 136 S. Ct. 2243, 2256 (2017)). Consequently, the first portion of the provision

("simple" assault or robbery) exposing a defendant to 10 years' imprisonment is divisible from

the latter portion exposing a defendant to an enhanced 25-year maximum. See id. at 579-80

("Section 2114(a) is a divisible statute with two distinct parts with separate elements and

sentences."); see also Gray v. United States, Nos. CV 16-9680 & CR 95-160, 2018 WL 8838797,

at *5-7 (C.D. Cal. Nov. 6, 2018) ("Section 2114(a) describes two levels of offense subject to

different punishments. . . . Therefore, [it] is divisible into at least two parts, each defining a

crime, making the modified categorical approach appropriate."); Williams v. United States, Nos.

C16-5559 & CR11-5505, 2017 WL 1166141, at *5 (W.D. Wash. Mar. 29, 2017) ("§ 2114(a) is

5

divisible into two separate parts, at the very least."), appeal docketed, No. 17-35279 (9th Cir. Mar. 30, 2017). The parties likewise agree that Dorsey was charged under the enhanced 25-year portion of the criminal statute; Count 6 of the indictment expressly charges Dorsey not only with "assault[ing] persons having lawful charge, control, and custody of mail matter and of money and other property of the United States . . . with intent to rob, steal, and purloin such mail matter, money, and other property" but also with "put[ting] the life of such persons . . . in jeopardy by the use of a dangerous weapon."

But that is where the parties' agreement ends. Dorsey points out that there are three separate ways in which a defendant can be exposed to the longer 25-year term of imprisonment: by (i) wounding the custodian of the U.S. mail, money, or property during a robbery, (ii) putting that custodian's life in jeopardy during a robbery by using a dangerous weapon, or (iii) committing any subsequent offense punishable under § 2114(a). Dorsey argues that these separate subparts are not themselves divisible and therefore that the government must prove that all conduct criminalized by § 2114(a)—including simple assault or robbery, which if committed as a subsequent offense exposes a defendant to the 25-year maximum—necessarily "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The government disagrees, arguing that the wounding and life-in-jeopardy portions of § 2114(a)'s enhanced penalty provision are divisible from the subsequent-offense portion. The government further argues that under binding precedent, even simple assault or robbery as defined in the first half of § 2114(a) qualify as crimes of violence for purposes of § 924(c).

The government has the better argument. Assessing a criminal statute's divisibility is a matter of statutory interpretation and requires a court to decide whether Congress has "list[ed] multiple elements disjunctively" or simply "enumerate[d] various factual means of committing a

6

single element." <u>Mathis</u>, 136 S. Ct. at 2249. A close inspection of § 2114(a)'s enhanced penalty provision reveals that Congress intended to create alternative elements (<u>i.e.</u>, different offenses) rather than simply "alternative means of committing" the same offense, <u>see id.</u> (quoting <u>Schad v. Arizona</u>, 501 U.S. 624, 636 (1991) (plurality opinion)). The three types of criminal conduct that can expose a defendant to the 25-year maximum are not "various factual ways of committing some component of the offense," <u>id.</u> (discussing as an example a hypothetical statute of which an element is the use of a "knife, gun, bat, or similar weapon"), but rather are factually unrelated. Moreover, each portion of the enhanced penalty provision is singled out for a different reason: The wounding portion reflects a congressional judgment that greater punishment is appropriate where a government official has been seriously hurt; the life-in-jeopardy provision, where a dangerous weapon is used in such a way as to seriously threaten the official; and the subsequent-offense portion, where a defendant who has previously been convicted of violating § 2114(a) reoffends and so requires a greater sentence to achieve deterrence and incapacitation. The distinct penological interests underlying each portion further support the conclusion that Congress intended to create separate, divisible offenses.

Accordingly, under the modified categorical approach, the Court may look to the charging document and judgment order to determine which of these divisible offenses served as the predicate crime of violence underlying Dorsey's § 924(c) conviction. Those documents confirm that the predicate crime was putting the life of a custodian of U.S. mail, money, or property in jeopardy by using a dangerous weapon during a robbery.[7]

---

[7] Dorsey was sentenced to 262 months' imprisonment for violating § 2114(a)—a term of imprisonment which exceeds the 10-year maximum for "simple" assault or robbery and which could only have been authorized under the enhanced penalty provision.

7

Dorsey's final argument is that because "possession of a gun in and of itself puts the victim's 'life in danger,'" a defendant can be convicted of putting a victim's life in danger during a robbery without necessarily using, attempting to use, or threatening to use physical force. See Enoch, 865 F.3d at 581-82 (citation omitted) (articulating a similar argument made by the defendant). That argument has been rejected by multiple courts of appeals, see, e.g., id. at 582 ("[I]t is beyond question that a robbery that puts a person's life in jeopardy by the use of a dangerous weapon is a violent crime under the Johnson [I] definition . . . ."); In re Watt, 829 F.3d 1287, 1290 (11th Cir. 2016) (holding that the offense of assaulting a victim and putting her life "in jeopardy" through the use of a firearm "satisfies the requirement . . . that the underlying offense have 'as an element, the use, attempted use, or threatened use of physical force against the person or property of another'" (citation omitted)), and district courts, see, e.g., Gray, 2018 WL 8838797, at *7 (holding that the life-in-jeopardy provision is categorically a crime of violence because the dangerous weapon must be used during robbery in such a way "that the life of the person being robbed is placed in an objective [state] of danger," which "satisfies § 924(c)(3)(A)'s requirement" (alteration in original) (citation omitted)). This Court finds Dorsey's argument unconvincing and joins the above-cited courts in concluding that the specific, divisible offense underlying Dorsey's § 924(c) conviction qualifies as a crime of violence under the force clause.[8]

IV.

_____

[8] In light of this finding, there is no need to address the government's alternative argument that the simple assault or robbery portions of § 2114(a) qualify as crimes of violence under Johnson I and Stokeling.

8

9

For the foregoing reasons, Dorsey's § 2255 motion will be dismissed by an appropriate

Order to be issued with this Memorandum Opinion.

Entered this 21 day of August, 2019.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge